**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LATIRA GASQUE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-2165-BAH |
| TRINITY PROPERTY CONSULTANTS, LLC, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Latira Gasque ("Gasque" or "Plaintiff") brought this employment discrimination action against Trinity Property Consultants, LLC, ("Trinity" or "Defendant") in the Circuit Court of Maryland for Baltimore County for violations of the Americans with Disabilities Act and the Maryland Fair Employment Practices Act. *See* ECF 2 (state court complaint). Trinity removed the action to this Court on June 1, 2026, under 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction. ECF 1 (notice of removal).[1] Gasque filed a motion to remand, ECF 8, which is now ripe for the Court's review. *See* ECF 12 (Trinity's response); ECF 13 (Gasque's reply). The motion to remand includes exhibits in support, including the affidavit of service filed in state court, a consent motion for extension of time Trinity filed in state court, and what appears to be the last page of second motion to extend time filed by Trinity in state court.[2] *See* ECFs 8-1 through

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] Plaintiff cites this exhibit for the following proposition: "Defendant initially represented to the Circuit Court for Baltimore County that Plaintiff served the Complaint on April 28, 2026, then later inexplicably asserted a different service date—April 30, 2026— when Defendant refiled its

8-3. Trinity's response also includes an exhibit in support, the declaration of attorney Nancy Dubonnet. ECF 12-1.

Plaintiff argues that Trinity was served on April 28, 2026, so under 28 U.S.C. § 1446(b)(1), it had until May 28, 2026, to file a notice of removal. *See* ECF 8, at 2. Trinity did not do so, however, until June 1, 2026. *See* ECF 1. "Because Defendant failed to comply with § 1446(b)(1)," Plaintiff argues that "removal was procedurally defective, and remand is required." ECF 8, at 2 (citing 28 U.S.C. § 1447(c)). Plaintiff reserves the right to seek fees and costs under § 1447(c). *Id.* at 3. In opposition, Trinity asserts that it had "informed its counsel . . . that it had been served on April 30, 2026, leading counsel to calculate the removal deadline for June 1, 2026. Based on counsel's knowledge, the removal was timely filed on June 1, 2026." ECF 12, at 1. Trinity concedes that "[i]n actuality, Defendant was served on April 28, 2026, and this action was removed more than 30 days after Defendant was first served with a copy of the summons and Complaint, as there was a misunderstanding as to the date of service." *Id.* at 1–2. Nevertheless, Trinity argues that "Plaintiff's Motion to Remand should be denied because Defendant's inadvertent, good-faith, brief delay is not a jurisdictional bar to removal." *Id.* at 2. Trinity also disputes that fees and costs are warranted. *Id* at 2–3. In reply, Gasque emphasizes that even though § 1446(b)(1) is nonjurisdictional, it is still mandatory. *See* ECF 13, at 2. Plaintiff maintains that Trinity lacked an objectively reasonable basis for removal, so fees are warranted. *Id.* at 3.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal

---

Motion after the Circuit Court marked Defendant's original filing deficient." ECF 8, at 2 n.1. The exhibit itself contains a blank page, and the submitted page does not contain a service date. ECF 8-3.

question. 28 U.S.C. §§ 1331, 1332(a)(1). Federal law grants defendants "[t]he right to remove a case from state to federal court" if a United States district court would have original jurisdiction over the case. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The statutory removal procedure requires that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[A]n award of fees under § 1447(c) is left to the district court's discretion," *id.* at 139, but the Court "should be 'faithful to the purposes' of awarding fees under § 1447(c)," *id.* at 141 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1993)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Plaintiff is correct that § 1446(b)(1) "speaks in strict, mandatory terms." *Enbridge Energy, LP v. Nessel on behalf of Michigan*, 608 U.S. 67, 146 S. Ct. 1074, 1082 (2026). While Trinity may be correct that the statute is not jurisdictional, the Court is nevertheless bound by the Supreme Court's recent holding: "§ 1446(b)(1)'s 30-day deadline cannot be equitably tolled." *Id.* at 1086.

Because Trinity filed the notice of removal after the 30-day deadline (and does not contend that any exception applies), the Court is required to grant Plaintiff's motion to remand. The Court declines to exercise its discretion and impose fees under § 1447(c).

Accordingly, it is this 30th day of October 2026, by the United States District Court for the District of Maryland hereby ORDERED that:

(1) Plaintiff's motion to remand, ECF 8, is GRANTED;

(2) Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) for improper removal is DENIED;

(3) The case is REMANDED to the Circuit Court of Maryland for Baltimore County; and

(4) The Clerk is directed to CLOSE this case.

/s/
Brendan A. Hurson
United States District Judge